MINNEAPOLIS THRESHING MACHINE COMPANY v. JOHN CHRISTIANSON.[1]

April 22, 1904.

Nos. 13,870—(36).

Appeal by plaintiff from an order of the district court for Chippewa county, Qvale, J., granting a motion for a new trial, after a trial and verdict in favor of plaintiff for $1,400. Affirmed.

*C. A. Fosnes,* for appellant.
*Oluf Gjerset,* for respondents.

[1] Reported in 99 N. W. 1134.

PER CURIAM.

Plaintiff brought two actions to recover on promissory notes given by defendant for a threshing machine outfit. The defense is that the outfit had been partially paid for by orders received for threshing, under an agreement to appropriate the same for that purpose, and afterwards the outfit was received back by the company, and defendant discharged from his obligations on the notes. The two actions were consolidated and tried to a jury. At the close of the evidence the trial court directed a verdict in favor of the plaintiff for a substantial sum, but less than the amount claimed in the complaint. There was a motion for a new trial upon several grounds, one of which was "errors of law occurring at the trial" and excepted to by the party making the application. The trial court made a general order granting the motion, but assigning no reasons therefor.

A new trial upon all the issues having been ordered by the court, it only becomes necessary to review the record to ascertain whether, upon any of the grounds urged for the new trial, it was properly granted. A critical review of the evidence leads to the conclusion that there was some evidence introduced at the trial that might show that the arrangement for the discharge of the debt had been made between persons claiming to be the agents of plaintiff with the defendant, to the effect that the threshing outfit would be received back and the notes canceled. Whether this agreement was binding upon plaintiff depends upon whether the persons making it were the agents of plaintiff, or whether their acts were subsequently ratified. We are inclined to give full scope to the conclusions adopted by the trial court in ordering a new trial; and, if it reasonably appears that there was evidence tending to establish the issue of agency or ratification and proper to go to the jury, the order for the new trial must be sustained. We are inclined to think, from a review of the whole evidence, that there was some evidence in this case having a tendency to show that the cause should have been submitted to the jury upon these issues.

The order appealed from must be affirmed.